T.C. Summary Opinion 2018-24

UNITED STATES TAX COURT

AARON KEITH NICHOLSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17625-16S.                    Filed April 18, 2018.

Aaron Keith Nicholson, pro se.

Min Young Chan, Caitlin A. Downing, John Y. Chinnapongse,

Sharyn M. Ortega, and Brian A. Pfeifer, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner is liable for the following income tax deficiencies, addition to tax, and accuracy-related penalties:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|------|-----------|-------------------------------|----------------------|
| 2013 | $14,794 | --- | $2,959 |
| 2014 | 5,287 | $999 | 1,056 |

Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a).  At the time the petition was filed, petitioner resided in California.

After concessions,[2] the issues remaining for decision are whether petitioner is (1) entitled to loss deductions attributable to his music activities for the taxable

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for 2013 and 2014, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts are rounded to the nearest dollar.

[2]Respondent concedes that petitioner is entitled to a deduction of $12,045 for mortgage insurance premiums claimed on Schedule A, Itemized Deductions, for 2013.  Respondent also concedes that petitioner is not liable for an addition to tax under sec. 6651(a)(1) for 2013.  Petitioner concedes that he failed to report interest income of $11 and $72 for the taxable years 2013 and 2014, respectively.

years 2013 and 2014 (years in issue) and (2) liable for accuracy-related penalties under section 6662(a) for the years in issue.

Background[3]

## I. Petitioner's Music Activity

Petitioner is an engineer, and he finds his work stressful. To reduce stress, petitioner decided to develop his talents as a musician, and during the years in issue he produced two full-length albums titled "Paradise is California" and "Paradise is California 3". Petitioner explained that he completed all recordings in 2013, worked with a music producer, and released his music for sale on internet-based digital platforms as well as on CDs in 2014.

Petitioner has three daughters and one son, all of whom participated in various ways in his musical activities. Petitioner testified that he is most creative and productive as a musician when he is happy and that he enhanced his artistic creativity and productivity by dining out with his children, engaging in recreational pursuits such as bowling, hiking and camping, and traveling to new destinations.

---

[3]The parties have stipulated some of the underlying facts.

II. Petitioner's Tax Returns

    A. 2013

Petitioner prepared and filed Form 1040, U.S. Individual Income Tax Return, for 2013, and attached three Schedules C, Profit or Loss From Business, identifying the underlying activities as "Music Production/Record Company", "Photographer", and "Musician". Petitioner reported no gross receipts from these activities and cumulative expenses of $48,017 for 2013. The expenses included contract labor expenses of $31,237 (comprising $25,282 paid to Paradise Studios, with the balance apparently paid to his children); vehicle expenses of $4,164; advertising expenses of $3,285; books, camera, and other equipment expenses of $2,906; audio and music equipment of $3,065; repairs and maintenance expenses of $1,012; and other miscellaneous expenses, including meals and entertainment, utilities, supplies, bank fees, and rental items.[4]

---

[4]Petitioner used the optional standard mileage rate to compute vehicle expenses for the years in issue. See sec. 1.274-5(j)(2), Income Tax Regs. Notice 2012-72, sec. 2, 2012-50 I.R.B. 673, 673, established the standard mileage rate of 56.5 cents per mile for taxable year 2013. Notice 2013-80, sec. 3, 2013-52 I.R.B. 821, 821, established the standard mileage rate of 56 cents per mile for taxable year 2014.

B. 2014

Petitioner prepared and filed a Form 1040 for 2014 and attached six Schedules C, identifying the underlying activities as "Music Production/Record Company", "Photographer", "Musician", "Business Administrative Support", "Graphic Arts", and "Writer". Petitioner reported no gross receipts from these activities and cumulative expenses of $21,080 for 2014. The expenses included contract labor expenses of $4,624 paid to Paradise Studios and $3,374 (apparently paid to his daughter); vehicle expenses of $788; advertising expenses of $287; books, equipment, software, and business property expenses of $6,014;[5] repairs and maintenance expenses of $335; meals and entertainment expenses of $1,810; travel expenses of $3,629; and other miscellaneous expenses.

III. Petitioner's Records

Petitioner kept comprehensive records, including a mileage log, receipts, and bank statements, to substantiate the expenses that he attributed to his music-related activities. Petitioner's records included numerous receipts for meals that he shared with his children and their spouses or dates, hiking, camping, and ski

---

[5]In May 2014 petitioner paid $1,452 and $1,385 to Disc Makers to manufacture 1,000 CDs for "Paradise is California" and "Paradise is California 3", respectively. Petitioner sent some of these CDs to CD Baby, an online music distribution service, and he warehoused the rest.

equipment, a rowing machine, books and magazine subscriptions, and travel expenses related to trips to various destinations in California and Nevada (including the Monterey Peninsula, Big Sur, and Lake Tahoe) and to Okinawa, Japan.[6] Petitioner explained that his hiking, camping, and travel-related expenditures were properly attributable to his music activities because he took photos at the more picturesque locations for use as album art and for display on social media sites and because traveling always inspired him to be more creative. Petitioner acknowledged that several receipts that he had included in his business records, including those for a baby carrier, children's books, a studfinder, and a chain saw rental, likely were not related to his music activities.

## IV. Notice of Deficiency

Respondent determined in relevant part that petitioner is not entitled to the loss deductions he claimed for the years in issue because he failed to substantiate the expenses reported on Schedules C. In the alternative, respondent determined that the expenses in dispute do not constitute ordinary and necessary business expenses within the meaning of section 162.[7]

---

[6]Petitioner's grandson was stationed in Okinawa at the time of this trip. It appears that one of his daughters and her husband were also living in Japan.

[7]Respondent does not dispute that petitioner's music activities constituted a

(continued...)

Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[8] Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A deduction normally is not allowed, however, for personal, living, or family expenses. Sec. 262(a). Whether an expenditure satisfies the requirements for deductibility under section 162 generally is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may

---

[7](...continued)
trade or business within the meaning of sec. 162.

[8]Petitioner does not contend, and the record does not suggest, that the burden of proof should shift to respondent pursuant to sec. 7491(a).

estimate the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including travel expenses, meals and entertainment expenditures, and expenses related to the use of listed property as defined in section 280F(d)(4)(A). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969). The term "listed property" includes, inter alia, passenger automobiles. Sec. 280F(d)(4)(A)(i). To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his or her own statement, which, in combination, are sufficient to establish the amount, date and time, and business purpose for each expenditure for travel away from home or each expenditure or business use of listed property. Sec. 1.274-5T(b)(2), (6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016-46017 (Nov. 6, 1985).

## I.  Schedule C Expenses

Petitioner adequately substantiated most of the expenses that he reported on Schedules C for the years in issue.  Although petitioner's records were comprehensive, they were not maintained in an orderly fashion, some were illegible, and the Court had to cross-reference multiple schedules and bank records to try to make sense of it all.  Under the circumstances, all ambiguities regarding substantiation of specific expenses were resolved against petitioner.

As used in section 162 an "ordinary" expense is defined as one which is "normal, usual, or customary" in the taxpayer's trade or business, see Deputy v. du Pont, 308 U.S. 488, 494-495 (1940), and "necessary" has been defined as "appropriate and helpful", see Welch v. Helvering, 290 U.S. at 113.  On the record presented, the Court concludes that petitioner's ordinary and necessary business expenses are limited to the following items:

| Expense | 2013 | 2014 |
|---|---|---|
| Contract labor | $25,282 | $4,624 |
| Web hosting | 200 | 200 |
| Vehicle expenses | 1,223 | 178 |
| Equipment/repairs | 2,000 | 750 |
| CD purchases | --- | 2,837 |
| Miscellaneous[1] | 300 | 300 |
| Total | 29,005 | 8,889 |

[1]The record includes receipts and other records related to expenses for supplies, cellular phone service, postage, and similar items. On close examination, these records include a mix of business and personal expenses. Nevertheless, applying the Cohan rule, the Court finds that there is sufficient evidence in the record to conclude that petitioner paid $300 for deductible miscellaneous business expenses in both 2013 and 2014.

The balance of the disputed expenses constitute nondeductible personal, living, or family expenses under section 262(a). In sum, these expenses were primarily for petitioner and his family's personal benefit, and any business purpose was distinctly secondary and incidental. See, e.g., Int'l Artists, Ltd. v. Commissioner, 55 T.C. 94, 104 (1970). Expenses that fall into this category include contract labor payments to petitioner's children; travel, meals and entertainment; hiking and camping trips (and related equipment); most vehicle expenses; and miscellaneous expenses--other than those allowed above.

## II. Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the taxpayer's negligence or disregard of rules or regulations or to any substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). A taxpayer is negligent if he "fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances". See sec. 1.6662-3(b)(1)(ii), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's

determination is incorrect. Id. at 447; see Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Respondent has met his burden of production.[9] As discussed above, petitioner claimed deductions for numerous expenses that constitute nondeductible personal, living, or family expenses under section 262(a).

Petitioner did not offer a meaningful defense to the imposition of the accuracy-related penalty in this case other than to assert that he relied on TurboTax to prepare his tax returns. In the absence of any objective evidence that petitioner reasonably attempted to ascertain the correctness of the disallowed deductions or to comply with the provisions of the Code, we sustain respondent's determination that he is liable for accuracy-related penalties under section 6662(a).

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[9]The record includes a civil penalty approval form executed by the IRS tax examiner's group manager approving the sec. 6662(a) penalties asserted in the notice of deficiency. See sec. 6751(b).